**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

JUDGE: Christopher M. Alston
DATE:
TIME:
CHAPTER: 11
LOCATION: Seattle
RESPONSE DATE:

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| In re: | No. 16-11767-CMA |
| NORTHWEST TERRITORIAL MINT, LLC, | |
| Debtor. | |
| MEDALLIC ART COMPANY, LLC, a Nevada limited liability company, | ADV. NO. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF** |
| MARK CALVERT, as trustee and on behalf of the estate of Northwest Territorial Mint, LLC; | |
| Defendant. | **JURY DEMANDED** |

Plaintiff Medallic Art Company, LLC ["MACLLC"] alleges as follows:

## I. INTRODUCTION

This action seeks declaratory, injunctive and other relief from the estate of Northwest Territorial Mint, LLC ["Mint" or "Debtor"] as to which Mark Calvert acts as Trustee ["Trustee"], and – in some instances set forth specifically below – from or against the Trustee in his capacity as such. MACLLC is a legal and legitimate entity in good standing that has an existence separate from

Complaint for Declaratory,
Injunctive and Other Relief - 1

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc
Case 16-01196-CMA    Doc 1    Filed 08/12/16    Ent. 08/12/16 09:30:11    Pg. 1 of 13

the Debtor and therefore it cannot and should not be consolidated with the Debtor. Moreover, the Debtor has no legitimate *ownership* claim to assets or property owned by MACLLC. The Trustee has denied MACLLC representatives access to MACLLC business records and property, some of which is necessary to further establish the separate nature of MACLLC and the legitimate and arm's length relationship between MACLLC and the Debtor, thus interfering with MACLLC's ability to efficiently and effectively demonstrate its separate nature and the relative rights of MACLLC and the Debtor). The Trustee has taken other actions – set forth more specifically below – that have harmed or may cause harm to MACLLC property.

The Trustee has also caused the estate to commit breach of obligations arising after the petition date herein, under agreements between MACLLC and Mint, in derogation of 11 U.S.C. § 365(d)(3). Because the Trustee on behalf of the Estate has taken these actions and positions contrary to the legal rights of plaintiff, plaintiff seeks the relief prayed in this Complaint.

## II. PARTIES

1. <u>Plaintiff</u>. Plaintiff MACLLC is a Nevada limited liability company in good standing. It is the owner of certain personal property and real property leasehold interests described in more detail herein.

2. <u>Defendant</u>. Defendant Mark Calvert is an individual acting as Trustee on behalf of the bankruptcy estate of Debtor in the above-captioned Chapter 11 bankruptcy case.

## III. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the defendant because he is domiciled and does business in the state of Washington.

Complaint for Declaratory,
Injunctive and Other Relief - 2

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

4. This Court has jurisdiction over the subject matter of this proceeding because certain causes of action asserted in this proceeding arise in the Chapter 11 case *In re Northwest Territorial Mint, LLC,* no. 16-11767, United States Bankruptcy Court, W.D. Washington at Seattle [the "C11 Case"] (Second, Third and Fourth Causes of Action) and others causes of action are related to the C11 case (First Cause of Action). The Second, Third and Fourth Causes of Action herein are core proceedings and the First Cause of Action is a noncore proceeding as to which plaintiff does not consent to entry of final judgment by the bankruptcy court. Plaintiff is entitled to (and hereby demands) trial by jury as to the Fourth Cause of Action and the Second Cause of Action to the extent it seeks judgment for monetary damages. Consent of the parties is required for entry of final judgment as to the Fourth and Second Cause of Action to the extent the latter seeks judgment for monetary damages, and plaintiff does not consent to the conducting of a jury trial or the entry of final judgment by the bankruptcy court as to those causes of action.

5. Venue is proper in this district under 28 U.S.C. § 1409(a) and other applicable law.

### IV. FACTUAL BACKGROUND

6. Mr. Hansen is the sole member of Mint (Debtor herein), a Washington limited liability company, and prior to the petition date served as Mint's President and CEO. In May and June 2009, Mr. Hansen began contemplating the possibility of purchasing the personal and real property assets of Medallic Art Ltd., a South Dakota corporation conducting custom minting operations in a facility located in Dayton, Nevada ["Nevada Facility" or "Leased Premises", as defined below], which was owned by Robert W. and Connie K. Hoff ["Hoffs"]. Mr. Hansen was also contemplating the possibility of moving Mint's operations to Nevada in order to enjoy the more

Complaint for Declaratory,
Injunctive and Other Relief - 3

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

favorable tax environment there.

7. Mr. Hansen's due diligence and exploratory conversations with the Hoffs resulted in a general understanding of the terms under which the Hoffs would sell the assets of the operating entity ($5 million purchase price) and the real property ($6 million purchase price.) Mr. Hansen abandoned the notion of having Mint acquire the personal and real property of Medallic Art Company Ltd. and instead elected to combine with Richard Bressler to form an entity to purchase the personal property assets of Medallic Art Company Ltd. and rent the Nevada Facility. Mr. Bressler is a prominent and well-regarded Seattle businessman who formerly served as chairman, chief executive and president of President of Burlington Northern and Burlington Resources. Messrs. Hansen and Bressler also requested an assignable option to subsequently acquire the real property on which the Nevada Facility was located. Mr. Hansen executed a formal Asset Purchase Agreement ["APA"] with the Hoffs on July 2, 2009; the APA was expressly assignable by Hansen. Time was of the essence to close the asset purchase as the Hoffs demanded that the transaction be completed in early July 2009.

8. Accordingly, in June and July 2009, Messrs. Hansen and Bressler – each advised by separate counsel and advisors – discussed and negotiated their respective capital contributions, equity shares, and roles within the acquiring and contracting entity. In order to close by the Hoff-articulated deadline, and on or about July 6, 2009, Mr. Hansen instructed counsel to quickly form Medallic Art Limited Partnership ["MALP"], to serve as the acquiring entity, and Medallic Art Corporation ["MAC"] (owned 100% by Mr. Hansen), to serve as the managing member of MALP. Hansen and Bressler agreed to iron out remaining details and prepare appropriate agreements for

Complaint for Declaratory,
Injunctive and Other Relief - 4

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

each of these entities after MALP closed on the asset purchase.

9. The asset purchase transaction closed on or about July 10, 2009 at a formal escrow-company facilitated closing, and on that date MALP, as assignee of Mr. Hansen, purchased the assets of Medallic Art Company Ltd. The purchase price was $5 million, funded by a $3 million capital contribution made by Mr. Bressler, a $1,750,000 capital contribution by Mr. Hansen, and a $250,000 capital contribution by MAC. All of the many documents relating to the asset purchase transaction clearly identify MALP as the acquirer of the assets, which generally consisted of valuable manufacturing and production equipment, materials and supplies, trademarks and other intellectual property, and customer goodwill. As of the date of closing, Hoffs had entered into a lease for the Nevada Facility with Hansen, personally ("Lease" and "Leased Premises", respectively). At closing, MALP and the Hoffs executed the First Amendment to Lease Agreement, by which MALP was substituted for Mr. Hansen as Lessee and Tenant. The Lease is secured by MALP's pledge of the acquired assets.

10. Immediately following the closing of the asset purchase and Lease transactions, Messrs. Hansen and Bressler reconsidered the structure of the entity they wanted to hold the assets and to be the lessee under the Lease. They ultimately concluded that an LLC was preferable to a limited partnership, for the purpose of holding and exploiting the acquired assets and leasehold interest. Accordingly, in October 2009 they formed MACLLC, a Nevada limited liability company. MACLLC is the successor in interest to MALP and now owns the assets originally purchased from Medallic Art Company Ltd. and is the lessee (or sublessee) under the Lease. Mr. Bressler owns 50% of MACLLC, Mr. Hansen owns 47.5%, and MAC owns 2.5%. MAC is the member-manager

Complaint for Declaratory,
Injunctive and Other Relief - 5

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc
Case 16-01196-CMA    Doc 1    Filed 08/12/16    Ent. 08/12/16 09:30:11    Pg. 5 of 13

of MACLLC.

11. At all relevant times and from the original acquisition of the assets of Medallic Art Company, Ltd. in July 2009, MACLLC (as successor to MALP) and Debtor have performed consistent with the original intent and plan of Messrs. Hansen and Bressler, MALP, MACLLC and Mint. Mint/Debtor has (a) leased MACLLC's equipment, personal and intellectual property and other assets at a monthly cost of $20,833 (annual cost of $250,000), (b) paid or incurred a 10% license fee or royalty obligation to MACLLC based on certain invoiced sales involving previous MACLLC customers, the MACLLC brand, and coins or medallions 2 inches in size or larger [the "Royalties"] and (c) subleased the Leased Premises, conducting its broader operations within such premises and utilizing MACLLC's leased equipment and assets, all the while faithfully making Lease payments directly to the landlord (Medallic Art Company Ltd.) as sublessee. MACLLC has allowed Mint to move its equipment into the Leased Premises.

12. As lessee and licensor of MACLLC's personal and intellectual property assets, Mint was and is obligated to insure, service, maintain and keep in working order all such assets, indemnify MACLLC from any claims relating to the assets, and market, promote and account for sales of MACLLC branded products and intellectual property. As sublessee of the Leased Premises, Mint was and is obligated to abide by all terms of the Lease, including payment of all rent, maintenance of the Leased Premises to Lease standards, to indemnify MACLLC from claims arising from use of the Leased Premises or equipment therein, and to insure the Leased Premises and its contents, among other things. It is MACLLC's understanding that Mint has loaned assets of MACLLC to other manufacturing or office facilities of Mint, including locations in Tomball, Texas;

Complaint for Declaratory, Injunctive and Other Relief - 6

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

Auburn, Washington; Federal Way, Washington; Alexandria, Virginia; and Green Bay, Wisconsin.

13. Mint filed a Chapter 11 petition, commencing the C11 Case, on April 1, 2016. On April 11, 2016, the bankruptcy court appointed Mr. Calvert as Chapter 11 Trustee.

14. Most of MACLLC's business records are maintained at the Mint offices located in Federal Way, Washington ["Mint Headquarters"], including MACLLC accounting records, which have been prepared and maintained by the accounting staff employed by Mint. Certain of Mr. Hansen's personal belongings and records are also located at the Mint Headquarters, where Hansen, as the former CEO and sole shareholder of Mint, maintained his office until the appointment of the Trustee in the C11 Case.

15. Since his appointment, the Trustee has wrongfully assumed exclusive control over the assets and property of MACLLC, including its business records located in the Mint Headquarters and the Leased Premises, MACLLC personal and intellectual property located at the Leased Premises, and the Leased Premises itself. Moreover, the Trustee has wrongfully and without legal justification denied MACLLC and Mr. Hansen free access to or use of MACLLC records and property and Mr. Hansen's personal belongings, forcing MACLLC to negotiate for document productions of its own records and leaving it unable to inspect and protect its property. As of the filing of this Complaint, the Trustee's production of MACLLC business records appears to be incomplete. Without limitation, the Trustee has exercised control and dominion over MACLLC assets, inconsistent with the actual ownership interests of MACLLC and to MACLLC's clear detriment.

16. The Trustee has taken further action that is harmful to MACLLC. For instance, the

Complaint for Declaratory,
Injunctive and Other Relief - 7

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144  fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc

Case 16-01196-CMA    Doc 1    Filed 08/12/16    Ent. 08/12/16 09:30:11    Pg. 7 of 13

Trustee has prohibited Mint personnel or agents of the Debtor from communicating with Mr. Hansen in any capacity (individually or as representative of MACLLC who is the lessor and licensor to Mint/Debtor), thereby effectively blocking plaintiff's access to information concerning its business, property and/or the parties' respective rights and obligations. MACLLC is also advised that the Trustee has instructed Mint personnel or Debtor's agents *not* to incur expenses or take action to service, maintain or repair the equipment leased to Mint/Debtor and / or the Leased Premises. Such conduct poses a risk to not only MACLLC's equipment and property but potentially to Mint employees operating such equipment pursuant to MACLLC's lease thereof to Mint.

17. In addition to hindering MACLLC's ability to function internally, the Trustee has wrongly interfered with MACLLC's relations with third parties. More specifically, the Trustee (or his counsel) have alleged and asserted to plaintiff and to third parties that the Estate has rights or interests in the personal or intellectual property of MACLLC and/or the Leased Premises superior to that of MACLLC, and /or that the assets of MACLLC should be or are consolidated with the assets of the Debtor. There are no factual or legal bases for the Trustee's assertions in this regard and plaintiff disputes the same.

18. Without limitation, MACLLC and Mint are separate entities, having different business ownership structures and different equity structures and constituents, and different and distinct operations, assets and products. Further, Mint and MACLLC do not substantially share common creditors. By virtue of the Trustee's conduct recounted above, the Trustee has intentionally disregarded the actual ownership of MACLLC, as well as the equity interests in MACLLC held by Bressler, Hansen and MAC, to the detriment of each.

Complaint for Declaratory,
Injunctive and Other Relief - 8

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc

Case 16-01196-CMA    Doc 1    Filed 08/12/16    Ent. 08/12/16 09:30:11    Pg. 8 of 13

19. Finally, the Trustee on behalf of Debtor has failed to abide by Debtor's obligations to MACLLC by failing to pay full rent under the Lease, forcing MACLLC or Mr. Hansen to cure the default, failing to reimburse Mr. Hansen or MACLLC for lease cure payments, failing to pay MACLLC equipment lease and Royalty payments due to MACLLC, and failing to account for sales on which Royalties are calculated based on Mint invoices – all to the economic harm of the plaintiff.

## V. FIRST CAUSE OF ACTION – DECLARATORY RELIEF

20. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-19 above. Pursuant to 28 U.S.C. § 2201(a) and/or the Uniform Declaratory Judgments Act, Chapter 7.24 RCW, there exist actual and justiciable controversies within the jurisdiction of this Court as to which the Court may declare the rights, status or other legal relations of the parties as alleged herein and the ongoing validity, force and effect of the organizational documents, contracts and leases described herein. Resolving the controversies are necessary to the continued proper operation and realization of the business purposes of MACLCC, and its enjoyment of the rights and privileges of ownership of its property, assets, and contracts.

21. Plaintiff MACLLC is entitled to entry of a judgment declaring (a) that it is an entity separate from Mint, (b) that MACLLC owns specific assets originally obtained from Medallic Art Company, Ltd. to the exclusion of ownership of such assets by Mint (excluding any leasehold interests of Mint as sublessee from MACLLC), (c) that MACLLC and its assets are not and should not be substantively consolidated with the Debtor's estate; (d) that MACLLC's leases of equipment, personal property, and licenses in exchange for Royalties, and the sublease of the Leased Premises to Mint are valid and enforceable as described herein, and fixing the amounts or other matters in

Complaint for Declaratory,
Injunctive and Other Relief - 9

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc

default thereunder; and (e) that MACLLC has a valid and enforceable right to all accrued lease payments and Royalties as described herein, and fixing the amount thereof owed by Mint.

## VI. SECOND CAUSE OF ACTION – ACCOUNTING AND BREACH OF CONTRACT

22. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-21 above.

23. MACLLC and Mint are party to contracts and agreements under which Mint is obligated to pay MACLLC for the lease of equipment and property, the license of intellectual property, and the sublease of the Leasehold Premises.

24. Mint has defaulted on the contracts and agreements referenced above and MACLLC is entitled to an accounting from the Trustee for personal property lease and Royalty payments made and accrued, invoiced sales that relate to the Royalty obligations, and for specific expenditures, if any, necessary to bring Debtor into compliance with the personal property lease, Royalty obligations and Lease (as the sublessee to MACLLC)

25. MACLLC is further entitled to judgment against Mint for default under such contracts and agreements, in an amount to be established by the above-required accounting and/or by dispositive motion or trial.

## VII. THIRD CAUSE OF ACTION – INJUNCTIVE RELIEF

26. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-25 above.

27. The Trustee's denial of access to and use of records and property owned by MACLLC and Mr. Hansen directly is in derogation of their respective rights, and results in

Complaint for Declaratory,
Injunctive and Other Relief - 10

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc
Case 16-01196-CMA    Doc 1    Filed 08/12/16    Ent. 08/12/16 09:30:11    Pg. 10 of 13

substantial and continuing harm to MACLLC and Mr. Hansen, respectively, for which monetary damages are not an adequate remedy.  Accordingly, MACLLC is entitled to injunctive relief preventing the Trustee's continued interference with the following:

    27.1    MACLLC, MAC or Mr. Hansen's ability to communicate freely with Mint personnel regarding MACLLC business, business records and property;

    27.2    MACLLC, MAC and Mr. Hansen's access to and maintenance or use of MACLLC business records, property (including equipment and intellectual property), and requiring the Trustee affirmatively to make MACLLC property available to it (acting through MAC and Mr. Hansen), regardless of whether such property is currently located at Mint Headquarters or the Leased Premises or elsewhere.

28.    MACLLC is further entitled to an injunction prohibiting the Trustee from interfering with MACLLC relations with third parties by asserting unproven ownership of or rights in MACLLC property.

### VIII.   FOURTH CAUSE OF ACTION – CONVERSION AND DAMAGES

29.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1-28 above.

30.    Trustee has committed acts of dominion wrongfully exerted over personal property and interests in real property belonging to MACLLC, inconsistent with or in derogation of MACLLC's title to and rights therein, resulting in damage to MACLLC, and is liable for damages for conversion of personal property and leasehold rights in amounts to be proven at trial.  That

Complaint for Declaratory,
Injunctive and Other Relief - 11

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc

Case 16-01196-CMA   Doc 1   Filed 08/12/16   Ent. 08/12/16 09:30:11   Pg. 11 of 13

portion of damages resulting from the post-petition acts of Trustee are entitled to administrative expense priority under 11 U.S.C. § 503(b) and other applicable law.

## IX. PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment(s) granting the relief requested as follows:

31. A declaratory judgment or judgments declaring the rights and legal status of MACLLC as prayed in the First Cause of Action, with such further necessary or proper relief based thereupon as just and proper in the circumstances;

32. A specific and comprehensive accounting to be rendered by Trustee forthwith, as prayed in the Second Cause of Action;

33. An award of damages for breach of the agreements between MACLLC and Mint, in an amount to be proven;

34. Injunctive relief including a mandatory injunction to make available to MACLLC its business records and all other personal property and leasehold interests, and an injunction barring further interference with MACLLC's rightful access to and use of its property and personnel employed by Mint and responsible for the maintenance of MACLLC business records, and with MACLLC's business or other dealings with third parties, as prayed in the Third Cause of Action;

35. Judgment fixing monetary damages and liability for conversion, as prayed in the Fourth Cause of Action, and thereupon, further allowing such amount as an administrative expense in the C11 Case;

Complaint for Declaratory, Injunctive and Other Relief - 12

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

36. An award of all such costs and attorneys' fees incurred by MACLLC, as allowed by contract, law or equity; and

37. Such further relief as is just and equitable in the circumstances and according to the proof herein.

DATED this 12th day of August, 2016.

BUCKNELL STEHLIK SATO & ORTH, LLP

   /s/ Thomas N. Bucknell
Thomas N. Bucknell, WSBA # 1587
Edwin K. Sato, WSBA # 13633
Andrea D. Orth, WSBA # 24355
Attorneys for Medallic Art Company, LLC

Complaint for Declaratory,
Injunctive and Other Relief - 13

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\complaint - final.doc
Case 16-01196-CMA    Doc 1    Filed 08/12/16    Ent. 08/12/16 09:30:11    Pg. 13 of 13