BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144 • fax (206) 587-0277

JUDGE: Christopher M. Alston
DATE: [to be determined]
TIME:
CHAPTER: 11
LOCATION: Seattle
RESPONSE DATE:

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

In re: ) No. 16-11767-CMA
)
NORTHWEST TERRITORIAL MINT, LLC, )
)
Debtor. )
_____ )
MEDALLIC ART COMPANY, LLC, a Nevada ) Adv. No. 16-01196-CMA
limited liability company, )
)
Plaintiff, )
)
v. )
)
MARK CALVERT, as trustee and on behalf of ) **MOTION FOR VOLUNTARY**
the estate of Northwest Territorial Mint, LLC, ) **DISMISSAL**
)
Defendant. )
_____ )

Plaintiff Medallic Art Company, LLC ["MACLLC"] moves for entry of an order dismissing its claims in this adversary proceeding with prejudice and without award of costs or fees, reserving the rights of all parties with respect to the form of any order for substantive consolidation or an alter ego determination entered herein or in the administrative case of Northwest Territorial Mint, LLC ["Mint"], and providing that upon entry of such an order granting substantive consolidation (or granting equivalent relief, such as treating MACLLC as the "alter ego" of Mint), the counterclaims

Motion for Voluntary Dismissal - 1

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

filed by defendant/trustee Mark Calvert ["Trustee"] herein shall be dismissed with prejudice and without award of fees or costs. As such, MACLLC further requests that the "Phase I" trial, set for May 2, 3 and 4 and June 6, 7 and 8, 2017, be immediately stricken, and the "Phase II" trial be stricken upon dismissal of the counterclaims herein. This Motion is based upon the records and files of this case, and the following.

I. **BACKGROUND FACTS**

On or about August 12, 2016, MACLLC filed its Complaint herein. The Complaint sought, in the First Cause of Action, declaratory judgment establishing that MACLLC is an entity separate from Mint, it owns specific assets originally obtained from Medallic Art Company, Ltd. to the exclusion of ownership of such assets by Mint, MACLLC and its assets should not be substantively consolidated with Mint's estate, MACLLC's leases and subleases of equipment, personal property, licenses, and the Nevada premises to Mint are valid, and MACLLC has a valid and enforceable right to accrued lease payments and royalties as prayed in the Complaint. It further sought (Second Cause of Action) an accounting from the Trustee for lease, royalty and similar obligations of Mint to MACLLC, together with judgment for amounts established in such accounting; (Third Cause of Action) injunctive relief against the Trustee, and (Fourth Cause of Action) damages for conversion of MACLLC property. Complaint, docket no. 1.

On or about September 14, 2016, the Trustee filed Defendant's Answer, Affirmative Defenses, and Counterclaims herein. The Trustee broadly denied MACLLC's claims and requests for relief, and asserted in his counterclaims, that (1) the assets and liabilities of Mint and MACLLC should be substantively consolidated *nunc pro tunc* to as of the petition date of Mint; (2) MACLLC

Motion for Voluntary Dismissal - 2

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\motion for voluntary dismissal.doc
Case 16-01196-CMA    Doc 72    Filed 04/12/17    Ent. 04/12/17 11:28:41    Pg. 2 of 7

should be held the alter ego of Mint and thus liable for Mint's obligations, (3) Mint made various transfers to MACLLC referred to by Trustee in his counterclaims as "Medallic Fraudulent Transfers," which should be avoided as intentionally fraudulent transfers and recovered for the benefit of Mint's estate; (4) the "Medallic Fraudulent Transfers" should alternatively be avoided and recovered as constructively fraudulent transfers, and (5) transfers made by Mint to or for the benefit of MACLLC should be recovered under principles of unjust enrichment and restitution. Defendant's Answer, docket no. 6.

The Trustee has consistently urged and represented that if the Trustee were to prevail by obtaining substantive consolidation or an alter ego determination (the first two counterclaims), then trial on fraudulent transfers or unjust enrichment and restitution (the third, fourth and fifth counterclaims) would be unnecessary. *See, e.g.,* Trustee's Motion to Bifurcate Trial, p.6 at lines 3-5 ("The Court should therefore bifurcate the trial and determine the substantive consolidation and alter ego issues prior to addressing the remaining claims and counterclaims asserted by the parties"); *id.* at p.7, lines 2-5 ("If Medallic LLC is substantively consolidated with the Debtor, the Court would have no need to determine the contractual rights and claims between the parties, including by analyzing the extensive transfers from the Debtor to or for the benefit of Medallic LLC").

The Court agreed with this position, concluding in its Order on Motion to Bifurcate Trial, docket no. 48: "If the Court consolidates the assets and liabilities of the two entities or finds the Mint owns the Disputed Assets, then the parties will not need to address any of these factual issues [pertaining to the Fraudulent Transfer and Unjust Enrichment Counterclaims]. *Id.* at 22, lines 4-5. The Court has further ordered that a Phase II trial (scheduled for October 24, 25, 31 and November 1

Motion for Voluntary Dismissal - 3

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

and 2, 2017) will only occur if all issues are not resolved after the Phase I trial on the following issues: (a) whether MACLLC should be declared an entity separate from Mint, or should be declared to be the alter ego of Mint; (b) whether some of the assets acquired from a third party [the "Disputed Assets"] are property of Mint's estate, and (c) whether MACLLC should be substantively consolidated with Mint. First Amended Notice of Trial and Order Setting Deadlines, docket no. 59, pp. 1-2, 4.

As the court is aware, one of the issues in the case has been the position of Richard Bressler. As the recently filed settlement agreement acknowledges[1], Mr. Bressler invested $3 million in cash in Medallic in connection with the purchase of the Medallic assets from the Hoffs. Mr. Bressler, for reasons of his own, chose to enter into an agreement that is dated more than a month ago in which he appears to trade his agreement for substantive consolidation for a release and an unsecured claim of $3 million against a consolidated estate. Also for reasons of their own, Mr. Bressler and the Trustee chose to keep the agreement secret for over a month, although the existence of some sort of agreement leaked out. We leave it to the Trustee to explain why the agreement needed to remain secret.

Medallic has determined not to further pursue its Complaint. Without waiving the confidentiality of privileged communications between Medallic and its counsel, the following facts are worth noting:

First, trial of this matter will be very expensive.

Second, the value of the Medallic assets, regardless of whether they are consolidated with

---

[1] *See* the recently filed Trustee's Motion to Approve Settlement with Richard Bressler Pursuant to

Motion for Voluntary Dismissal - 4

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

those of Mint, have eroded in value over the course of the case. The Trustee has been in possession of the assets from the day he was appointed. The Medallic assets are collateral for the obligations to the landlord on the Dayton facility, the Hoffs.

Third, it certainly appears that Mint is administratively and operationally insolvent. Unpaid professional fees are approaching $3 million. The business has lost money on an operating basis (before professional fees) almost every month since early in the case (*see* docket nos. 729, 788, 836, 851, 893, 910, and 950). In short, the remaining business, whether consolidated or not (especially in light of the claims of the Hoffs), is of doubtful value.

Finally, Mr. Bressler's entry into the recently disclosed settlement agreement creates the potential for conflicting priorities between the two owners of Medallic, Mr. Hansen and Mr. Bressler, and appears to resolve Mr. Bressler's interests in a manner satisfactory to Mr. Bressler.

In light of the foregoing, Medallic has determined that there is no benefit to pursuing the litigation further. Medallic is willing to let the Trustee and the Mint estate have Medallic's assets and become responsible for its liabilities.

## II. LAW AND ARGUMENT

Fed. R. Civ. Proc. 41(a), made applicable to this proceeding by Fed. R. Bankr. Proc. 7041, provides that a plaintiff may voluntarily dismiss an action as a matter of right prior to the service of an answer or a motion for summary judgment by the defendant (Fed. R. Civ. Proc. 41(a)(1)(A)(i)), by stipulation of all parties (*id.,* subsection (a)(1)(A)(ii)), or if an answer or motion for summary judgment has been served, by court order on terms that the court considers proper (*id.,* subsection

---

Bankruptcy Rule 9019, docket no. 970 in the above-captioned administrative case of Mint.

Motion for Voluntary Dismissal - 5

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144    fax (206) 587-0277

W:\CLIENTS\3607\350\motion for voluntary dismissal.doc
Case 16-01196-CMA    Doc 72    Filed 04/12/17    Ent. 04/12/17 11:28:41    Pg. 5 of 7

(a)(2)). In the latter case, if a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed only if the counterclaim can remain pending for independent adjudication. Fed. R. Civ. Proc. 41(a)(2).[2]

The contention that a defendant has incurred substantial expense in defense of an action is not the type of legal prejudice that may justify denial of a motion under Fed. R. Civ. Proc. 41(a)(2). *E.g., Aqua Lung America, Inc. v. Watermark Scuba, Inc.,* 2013 Wl 951009, at *1 (W.D. Wash. 2013)(per Pechman, J.), *citing In re Lowenschuss,* 67 F.3d 1394, 1401 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 2497 (1996).

An award of costs and fees is "not appropriate when a plaintiff obtains a voluntary dismissal *with prejudice* because in such a case 'the defendant cannot be made to defend again.'" *Aqua Lung, supra,* 2013 WL 951009, at 2; *see also Trustees of Northwest Laborers-Employees Health and Security Trust v. Malone,* 2010 WL 4622118, at *1 (W.D. Wash. 2010)(per Leighton, J.)(same); *Chang v. Pomeroy,* 2011 WL 618192, at *1 (E.D. Cal. 2011)("[D]istrict courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice"). An exception may apply in an "exceptional case," but an exceptional case must be proven by clear and convincing evidence, such as to show bad faith. *Aqua Lung, supra,* 2013 WL 951009, at *2.[3]

Here, MACLLC's requests authority to dismiss its complaint **with prejudice**. This will save

---

[2] Here, counterclaims could remain pending for adjudication (and in fact, some have been bifurcated for potential Phase II trial), but for reasons stated, counterclaims should be dismissed upon the granting of substantive consolidation or alter ego relief.

[3] By contrast, where a dismissal is without prejudice, an award of costs and fees may be granted in view of the risk that the lawsuit will be refiled and will impose duplicative expenses on the defendant. *Trustees v.*

Motion for Voluntary Dismissal - 6

BUCKNELL STEHLIK SATO & ORTH, LLP
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144    fax (206) 587-0277

W:\CLIENTS\3607\350\motion for voluntary dismissal.doc
Case 16-01196-CMA    Doc 72    Filed 04/12/17    Ent. 04/12/17 11:28:41    Pg. 6 of 7

not only MACLLC, but also the Trustee, from the expense of trial.  There is no legal prejudice to the Trustee, as MACLLC will not be able to bring this proceeding or its causes of action again, causing duplicative costs of litigation.  An award of fees or costs in inappropriate in connection with a dismissal with prejudice, as recognized by courts in the Ninth Circuit and elsewhere.

Because there is no need for Phase I trial in light of MACLLC's willingness to dismiss the complaint with prejudice, Phase I trial should be stricken.  The proper, precise form of an order granting the Trustee substantive consolidation or a determination that MACLLC is the alter ego of Mint is unclear.  MACLLC submits that the parties should explore whether the form can be agreed, or if not, the form of order should be noticed for presentation so that the Court can determine the details.  Upon entry of an order granting the Trustee relief in the nature of substantive consolidation or an alter ego determination, the Phase II trial should be stricken as moot (as the Trustee has represented and acknowledged, it will be if the Trustee prevails on substantive consolidation or alter ego claims), and this adversary proceeding closed by entry of final judgment without award of fees or costs.

Respectfully submitted this 12th day of April, 2017.

BUCKNELL STEHLIK SATO & ORTH, LLP

　/s/Thomas N. Bucknell　
Thomas N. Bucknell, WSBA # 1587
Edwin K. Sato, WSBA # 13633
Andrea D. Orth, WSBA # 24355
Attorneys for Medallic Art Company, LLC

---

*Malone, supra,* 2010 WL 4622118, at *1, *citing Colombrito v. Kelly,* 764 F.2d 122, 123 (2d Cir. 1985).

Motion for Voluntary Dismissal - 7

**BUCKNELL STEHLIK SATO & ORTH, LLP**
2003 Western Avenue, Suite 400
Seattle, Washington 98121
(206) 587-0144   fax (206) 587-0277

W:\CLIENTS\3607\350\motion for voluntary dismissal.doc
Case 16-01196-CMA    Doc 72    Filed 04/12/17    Ent. 04/12/17 11:28:41    Pg. 7 of 7